This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39052**

**KAREN M. KLINE,**

      Plaintiff-Appellant,

v.

**WELLS FARGO BANK, NA and
BRECKENRIDGE PROPERTIES
FUND 2016, LLC,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Bryan P. Biedscheid, District Judge**

Karen M. Kline
Santa Fe, NM

Pro Se Appellant

Snell & Wilmer, LLP
Jeanne Y. Sohn
Albuquerque, NM

for Appellee Wells Fargo

Keleher & McLeod, P.A.
Nathan S. Stimson
Albuquerque, NM

for Appellee Breckenridge Property Fund 2016 LLC

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Plaintiff Karen M. Kline, who is self-represented, challenges the district court's dismissal of her complaint based on res judicata, collateral estoppel, and the applicable

statute of limitations. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** A foreclosure judgment was entered against Plaintiff in November 2017. [RP 23] This Court affirmed that district court foreclosure judgment in an opinion issued in September 2018. [RP 140] Plaintiff initiated the current action with a March 25, 2019, complaint that essentially sought to relitigate the November 2017 judgment. [RP 1] Defendants filed motions to dismiss the complaint, arguing that the issues relating to the foreclosure dispute were fully and fairly litigated in the prior case. [RP 110, 166] The district court determined that the doctrines of res judicata and collateral estoppel both apply to bar Plaintiff's complaint and that the claims also did not satisfy the statute of limitations. [RP 332] The district court therefore dismissed Plaintiff's complaint with prejudice.

**{3}** "Claim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action." *Roybal v. Lujan de la Fuente*, 2009-NMCA-114, ¶ 23, 147 N.M. 193, 218 P.3d 879 (internal quotation marks and citation omitted).

> In order to bar a lawsuit under the doctrine of res judicata, four elements must be met: (1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) the same cause of action, and (4) the same subject matter.

*Id.* (alterations, internal quotation marks, and citation omitted). Similarly, "[t]he doctrine of collateral estoppel fosters judicial economy by preventing the relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *Shovelin v. Cent. N.M. Elec. Coop., Inc.*, 1993-NMSC-015, ¶ 10, 115 N.M. 293, 850 P.2d 996 (internal quotation marks and citation omitted). The party invoking the doctrine

> must demonstrate that (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

*Id.* "If the movant introduces sufficient evidence to meet all elements of this test, the trial court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." *Id.*

**{4}** In the present case, at least one of the doctrines applies to bar Plaintiff's complaint insofar as it attempts to re-litigate the same claims and issues in the prior foreclosure action, including standing. All of Plaintiff's claims appear to be intertwined with the foreclosure litigation. *See Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 8, 122 N.M. 326, 924 P.2d 735 (stating that New Mexico applies a "transactional test" to determine whether claims arose out of the earlier litigation for purposes of res judicata). Moreover, Plaintiff has not shown that any of her claims, even if independent, would

satisfy the applicable statute of limitations. As pointed out by Defendants, these claims relate to the filing of the prior foreclosure lawsuit in 2008, and as a result the complaint is beyond the limitations period. [RP 173] *See Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 28, 140 N.M. 111, 140 P.3d 532 ("When a defendant makes a prima facie showing that a claim is time barred, a plaintiff attempting to invoke the discovery rule has the burden of demonstrating that if he or she had diligently investigated the problem he or she would have been unable to discover the facts underlying the claim." (alterations, internal quotation marks, and citation omitted)).

**{5}** We are also not persuaded that Plaintiff was entitled to relief under either Rule 1-059 NMRA or Rule 1-060(B) NMRA. Any alleged fraud appears to be either a challenge to the accuracy of legal argument of opposing counsel, or a claim that her own counsel was deficient in the underlying action. And Plaintiff has cited no authority suggesting such claims satisfy the referenced rules. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). In addition, to the extent that she has attempted to amend the complaint after the judgment, this request was untimely. *See Dominguez v. Dairyland Ins. Co.*, 1997-NMCA-065, ¶ 17, 123 N.M. 448, 942 P.2d 191 ("Where a motion to amend comes late in the proceedings and seeks to materially change [the p]laintiff's theories of recovery, the court may deny such motion.").

**{6}** Plaintiff is also arguing that the district court should have made accommodations for her claimed disabilities. [MIO 5] As we observed in our calendar notice, the record before us is insufficient to factually support the claim of error. *Cf. State ex rel. Children, Youth & Families Dep't v. Johnny S., Sr.*, 2009-NMCA-032, ¶ 8, 145 N.M. 754, 204 P.3d 769 (indicating that in order to preserve issues concerning claims of entitlement to accommodations based upon disabilities, "there must be a request for relief citing the ADA backed by facts developed in the record"). Finally, Plaintiff has not shown how this would have led to a different result on the res judicata, collateral estoppel, and statute of limitations issues. *See Erica, Inc. v. N.M. Regul. & Licensing Dep't*, 2008-NMCA-065, ¶ 24, 144 N.M. 132, 184 P.3d 444 (stating that "[o]n appeal, error will not be corrected if it will not change the result").

**{7}** For the reasons stated above, we affirm.

**{8}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**