775 P.2d 252
**STATE of New Mexico ex rel. HUMAN SERVICES DEPARTMENT.**

v.

**In The Matter of DENNIS S. and Kevin S., Children, and Concerning Wayne S. and Juanita S., Respondents.**

**No. 10700.**

Court of Appeals of New Mexico.

April 18, 1989.

Certiorari Denied June 2, 1989.

Jennifer A. Salisbury, General Counsel, Catherine Aguilar, Ass't Gen. Counsel, New Mexico Human Services Dept., Santa Fe, for New Mexico Human Services Dept.

Melanie Kenton, Anne Albrink, Santa Fe, Guardian ad litem-appellee.

Michael E. Vigil, Santa Fe, for respondent-appellant Juanita S.

## OPINION

ALARID, Judge.

Mother appeals the trial court's order terminating her parental rights. While Mother raises four issues in her appeal, her challenge is essentially whether the trial court had clear and convincing evidence to support its findings for termination of her parental rights. We find the trial court's findings to be supported by clear and convincing evidence and, therefore, affirm. The state's motion to supplement the record is denied.

Pursuant to NMSA 1978, Section 32–1–54(B)(3) (Repl.1986), termination of parental rights may occur only upon findings of the trial court that the child is "neglected or abused" and the "conditions and causes of the neglect and abuse are unlikely to change in the foreseeable future despite reasonable efforts by the department." The grounds for parental termination must be proved by clear and convincing evidence. *In re I.N.M. & A.F.E.*, 105 N.M. 664, 735 P.2d 1170 (Ct.App.1987). It is the trial court's responsibility to determine whether this proof requirement is met by the state. *Id.* at 667, 735 P.2d at 1173. Upon review,

the appellate court must examine the evidence in the light "most favorable to the prevailing party to determine if it is sufficient to establish, clearly and convincingly, the claim that parental rights should be terminated." *Id.; see generally In re R.W.*, 108 N.M. 332, 772 P.2d 366 (1989) (discussing application of the appropriate standard of review).

■ Mother argues that the state failed to prove its case by clear and convincing evidence because the majority of evidence produced at the termination proceeding was based on past information relating to Father's abuse of the children. Mother argues that evidence presented at the hearing was "stale" because Father is now deceased, and, therefore, this evidence fails to meet the standard of clear and convincing evidence, citing *State ex rel. Dep't of Human Services v. Natural Mother*, 96 N.M. 677, 634 P.2d 699 (Ct.App.1981). In *Natural Mother*, this court determined the state failed to meet the clear and convincing evidence test by presenting unusable past information about the parents and the children. More current evidence was necessary to support termination due to the "considerable changes in the mother's circumstances." *Id.* at 679, 634 P.2d at 701.

The state distinguishes *Natural Mother* by arguing the mother in that case did in fact make substantial changes in her life to ensure return of the children. She divorced the abusive father and substantially complied with an HSD treatment plan. *Id.* at 678, 634 P.2d at 700. In the present case, Mother did not take such steps. She remained married to the abusive parent until he died and continually denied any abuse had occurred. Even at the termination proceeding, Mother did not acknowledge she believed the boys had been abused by their father. Instead, she stated for the first time since the children were removed from her care in 1985 that the abuse *may* have happened. Evidence presented at the termination hearing regarding Mother's history of denial of the children's problems and her failure to protect them differs greatly from the conscious efforts made by the mother in *Natu-*

*ral Mother.* As the state argues, evidence of Father's physical and sexual abuse is neither stale nor irrelevant; it is relevant to Mother's neglect and to her failure to protect the children. Such evidence is relevant to Mother's current inability to understand and meet the needs of her children. *Id.*

■ This case is more factually analogous to *I.N.M.* in *I.N.M.*, the mother's parental rights were terminated for failure to protect the children from their abuser. *Id.* at 666, 735 P.2d at 1172. The mother denied any child abuse was committed by her boyfriend, and showed no remorse about what had happened to her child. *Id.* at 667–68, 735 P.2d at 1173–74. In the present case, Mother denied Father's abuse, did not visit the children alone when she was allowed to do so by HSD, and showed no remorse for what had happened to her sons. In addition, Mother admitted on cross-examination at the termination proceeding that she had told a social worker she would choose her husband over her children, if necessary.

Every psychologist or psychiatrist who treated the family testified at the hearing that the parents denied any abuse had occurred. None of these experts recommended reunion of Mother and her children. Dr. Steinman, the children's current therapist who worked with Mother both before and after Father's death, testified that Mother's behavior and understanding of the boys' problems is unlikely to change within the next one to two years, even with extensive psychotherapy. Dr. Steinman further testified that the boys are in present need of parenting and role modeling which Mother is simply unable to provide. According to Dr. Steinman, waiting for Mother to improve would be detrimental to the boys' psychological stability. Dr. Steinman testified that Mother is simply unable to be the type of parent these seriously disturbed children need. The psychiatric and psychological testimony presented at the hearing is particularly relevant, given the children's extensive history of psychotic and delusional behavior. Kevin S. had required hospitalization.

When balancing the interests of parents and children, the court is not required to place the children indefinitely in a legal holding pattern, when doing so would be detrimental to the children's interests. *Reuben & Elizabeth O. v. Department of Human Servs.*, 104 N.M. 644, 725 P.2d 844 (Ct.App.1986). We find that the evidence presented by experts at the hearing regarding the detrimental effect on the children of prolonging termination was clear and convincing, supporting the trial court's decision to terminate Mother's parental rights.

■ Mother argues HSD did not utilize reasonable efforts to alleviate the problems as required by Section 32–1–54(B)(3). Mother primarily bases her argument on the fact that HSD failed to provide psychotherapy for the children for approximately a four to five month period, in violation of a treatment plan ordered by the court. While we acknowledge this was a serious oversight on HSD's part, we do not find such an oversight equal to a failure to provide reasonable assistance to the family.

Mother also argues that HSD did not utilize reasonable efforts because its efforts were directed at abuse by Father and that his death has remedied the conditions that rendered Mother incapable of caring for her children. We disagree with both parts of her argument.

The requisite statute requires HSD to make reasonable efforts to assist the parent in adjusting the conditions rendering the parent unable to properly care for the child or children. *State ex rel. Dep't of Human Servs. v. Peterson*, 103 N.M. 617, 711 P.2d 894 (Ct.App.1985). Here, HSD made reasonable efforts to assist Mother in improving her ability to care for her children, which proved ultimately futile. Both parents were referred to various therapists and treatment programs over a period of three years, with no significant improvement noted by any expert involved. After the death of the children's father, Mother still did not admit her husband had abused the children, and refused to believe the children's story of their father's abuse. What little recognition of the children's severe problems Mother may now have, as

attested to at the termination hearing (e.g., the abuse "may" have happened), appears to be too little, too late, which has been seriously detrimental to her children. We find the trial court's findings for termination supported by clear and convincing evidence.

After this case had been fully briefed, but prior to its submission to a panel for decision, Anne Albrink withdrew as guardian ad litem. Melanie Kenton was appointed to replace her in order that Ms. Albrink might accept a position with the First Judicial District.

In this case, the guardian ad litem took an active role at the trial court level and filed a separate brief on appeal. The court commends the guardian ad litem for her conscientious efforts. All too often this court, in parental termination cases, does not have the benefit of the views of the guardian ad litem and is forced to search the record to ascertain what, if any, efforts were made below on behalf of the children. A brief setting forth the guardian ad litem's position on behalf of the children considerably aids this court.

Affirmed.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.