This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39299

**STATE OF NEW MEXICO ex rel.,
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**RANDALL B.,**

Respondent-Appellant,

and

**CASSANDRA B.,**

Respondent,

**IN THE MATTER OF APRIL B.,
DYWANE B., and SUMMER R.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Respondent (Father) appeals the termination of his parental rights to his three children (Children). We entered a notice of proposed disposition, proposing to affirm. Father filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Father contends that the district court's findings that the Children, Youth, and Families Department (CYFD) made reasonable efforts to assist Father were unsupported by clear and convincing evidence. Our notice of proposed disposition proposed to affirm, based on our proposal that overall, the evidence supported termination, as well as Father's failure to develop his argument regarding the alleged insufficiency of CYFD's four years of efforts. [CN 7-8] We also suggested that Father's partial compliance with his plan did not equate to improvement in alleviating the conditions that caused Children's abuse or neglect. [CN 8]

**{3}** In his memorandum in opposition, Father continues to contend that CYFD failed to make reasonable efforts to address the conditions that resulted in the filing of this case. [MIO 6] Father argues that he "substantially complied with the treatment plan but due to inherent prejudice in his case, [CYFD] and [the] district court did not recognize his efforts." [MIO 7] Father contends that he was treated unfairly by CYFD, as it "did not reasonably carry out efforts to reunify this family, even though Father successful[ly] and diligently engaged in rehabilitative services." [MIO 7] Father argues that the district court's orders reflect "a rush to termination, without giving Father adequate time to work the treatment plan." [MIO 7]

**{4}** We first note that, in Father's argument regarding the alleged insufficiency of CYFD's efforts, Father continues not to identify any particular failing by CYFD or effort he believes CYFD should have made, apart from his general wish for reunification. We also note that, to the extent that Father generally repeats some of the same arguments presented in the docketing statement, Father has failed to demonstrate error by the district court in determining that CYFD made reasonable efforts. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statue on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Instead, Father focuses on his own efforts in complying with his treatment plan. We acknowledged in the calendar notice that the district court found that Father had made efforts to comply, and that he had participated in various aspects of his treatment plan. [CN 6] However, testimony was provided that despite his efforts, Father made little progress in alleviating the causes and conditions that led to Children being taken into custody. [CN 6] The district court took into account the fact that Father complied with many items in the case plan, but nonetheless determined he was unable to change the conditions that caused the abuse or neglect. [CN 7] We note that, despite Father's continued assertions that at the time of termination, Father had employment, Father does not elaborate on this assertion and the district court instead found that at termination, Father had no employment, no housing, and no way to provide for Children. [MIO 13-14; CN 7]

**{6}** Moreover, evidence was provided that Father and Children had a weak bond and Children demonstrated negative behaviors associated with Father's visits and feared that they would not be provided for in their parents' care. [CN 6-7] For a year and a half Father lived out of state and had no contact with Children, and did not participate in his treatment plan. [CN 5] Although Father contends that his lack of participation was due to a sense of futility, as CYFD was focused on termination, this contention does not explain his lack of contact with Children during that time. [MIO 19] Also, to the extent Father contends termination was rushed, we note that CYFD provided services to the family for four years. [CN 9; MIO 20]

**{7}** We remain unpersuaded that Father's partial compliance with his plan necessarily equates to improvement in alleviating the conditions that caused Children's abuse or neglect. "The Abuse and Neglect Act requires the treatment plan to be reasonable, not a guarantee of family reunification. Even with compliance, it may not achieve its goal." *State ex rel. Children, Youth & Families Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978. "Even with a parent's reasonable efforts . . . the parent may not be able to make the changes necessary to rectify the causes and conditions of the neglect and abuse so as to enable the court to conclude that the parent is able to properly care for the child." *Id.* "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859. "When balancing the interests of parents and children, the court is not required to place the children indefinitely in a legal holding pattern, when doing so would be detrimental to the children's interests." *State ex rel. Human Servs. Dep't v. Dennis S.*, 1989-NMCA-032, ¶ 7, 108 N.M. 486, 775 P.2d 252.

**{8}** To the extent Father contends that assignment to the general calendar is necessary to "reveal hidden prejudice that resulted in CYFD rushing to termination without recognizing Father's significant efforts at treatment[,]" we note that this Court does not assign cases to the general calendar on the speculation that the record will reveal new issues. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("In light of our determination that the facts set out in [the appellant's] docketing statement and memorandum in opposition provide sufficient facts for review of [the]

issue, reassignment to a nonsummary calendar would serve no purpose other than to allow appellate counsel to pick through the record."); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). [MIO 20]

**{9}** Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{10} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**