This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39301**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**CASSANDRA B.,**

       Respondent-Appellant,

and

**RANDALL B.,**

       Respondent,

**IN THE MATTER OF APRIL B.,
DYWANE B., and SUMMER R.,**

       Children.

**APPEAL FROM THE DISTRICT COURT OF LEE COUNTY
Lee A. Kirksey, District Judge**

Children Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Law Office of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Respondent (Mother) appeals the termination of her parental rights to her three children (Children). We entered a notice of proposed disposition, proposing to affirm. Mother filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Mother contended that the district court's findings that the Children, Youth, and Families Department (CYFD) made reasonable efforts to assist Mother were unsupported by clear and convincing evidence [CN 8-10]; the evidence did not support findings that both parents had partially achieved some aspects of their plans and failed at others [CN 10-11]; and the district court erred in determining that clear and convincing evidence supported the breakdown of the bond between Mother and Children when there was no evidence that Mother's conduct had caused the breakdown. [CN 11-12]. Our notice of proposed disposition proposed to affirm, based on our proposal that overall, the evidence supported termination on the basis of abuse and neglect. [CN 8-10] We proposed that Mother's third issue, based on a theory of abandonment, did not affect our analysis of the termination on the basis of abuse and neglect. [CN 11-12] We also proposed that CYFD made reasonable efforts in assisting Mother in complying with and working her treatment plan, and suggested that Mother's partial compliance with her plan did not equate to improvement in alleviating the conditions that caused Children's neglect and abuse. [CN 10-11]

**{3}** In her memorandum in opposition, Mother continues to challenge "whether CYFD demonstrated that it made reasonable efforts to assist her, and whether CYFD proved that Mother would not ameliorate the causes and conditions of neglect in the foreseeable future." [MIO 7-8] Specifically, Mother now argues for the first time that CYFD's efforts were insufficient "because CYFD had not used any efforts to assist a redeemable parent to disengage from the toxic parent[,]" and "CYFD treated Mother and Father as a couple, rather than guiding the cooperative and reasonable parent—in this case Mother—towards separation." [MIO 10, 11] Mother urges this Court to consider the record through this framework, contending, for example, that Mother's disengagement with Children was a "clear sign[] of clinical depression[,]" and that "domestic violence was the primary obstacle to Mother's efforts at reunification." [MIO 11-12, CN 7] Mother argues that CYFD wrongly placed the burden on Mother to prevent domestic violence with Father and did not warn Mother of the "consequences to potential reunification" of Mother staying with Father. [MIO 12] Mother asserts that "CYFD wholly failed to take any action to provide even minimal *notice* to Mother that separation from Father was an

essential element for successful reunification with Children. Much less did CYFD provide any proactive *assistance* to Mother to allow a victim to escape from her perpetrator." [MIO 13]

**{4}**     We first note Mother does not cite to any specific findings or evidence in the record supporting her assertion that the district court terminated her rights on the basis of her failure to separate from Father or that domestic violence was the primary obstacle to Mother achieving reunification. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Contrary to the cases cited by Mother, it does not appear that CYFD argued or that the district court based its termination decision on the fact that Mother had not separated from Father. [3 RP 572-608; MIO 10-11] *See State ex rel. Child., Youth & Fams. Dep't v. Joseph M.*, 2006-NMCA-029, ¶ 22, 139 N.M. 137, 130 P.3d 198 ("We are not persuaded that the foregoing evidence was sufficient to put Father on notice that his relationship with Mother was a condition and cause of the abuse and neglect of his children which had to end for him to be able to parent his children.").

**{5}**     We note that Mother worked large portions of her treatment plan separate from Father and while she initially did show some progress when working the plan alone, the record does not indicate that CYFD or the district court believed she would have achieved reunification but for Father's involvement later in the case. Rather, as far as describing their relationship, the district court appears to have outlined the periods during the case that parents were together and apart, described incidents of domestic violence and the parties' reactions to the same, acknowledged Mother's fear of Father, and stated their relationship at the time of termination was not clear, but that Mother lived in a different state and was scared of Father. [3 RP 581]

**{6}**     In the absence of any support from the record, we decline Mother's invitation to reweigh or interpret the district court's findings to conclude that Mother's failure to separate from Father was a basis for the termination of her parental rights. To the extent Mother contends that the district court's findings regarding some continuing domestic violence indicate that the district court terminated her parental rights on the basis that she continued her relationship with Father for part of the duration of the case, we again decline to agree with this speculative interpretation. [MIO 13]

**{7}**     Moreover, beyond the fact that failure to separate from Father was not a basis for termination, we note that the district court considered a wide array of factors at termination, including the needs of Children, as outlined in our calendar notice. [CN 4-8] To the extent that Mother does not continue to argue her previous issues as to her termination for abuse and neglect, we deem those issues abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{8}** Ultimately, we remain unpersuaded that Mother's efforts and partial compliance with her plan equated to improvement in alleviating the conditions that caused Children's neglect and abuse. [3 RP 598] *See State ex rel. Child., Youth & Fams. Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978. ("Even with a parent's reasonable efforts, . . . the parent may not be able to make the changes necessary to rectify the causes and conditions of the neglect and abuse so as to enable the court to conclude that the parent is able to properly care for the child."). "When balancing the interests of parents and children, the court is not required to place the children indefinitely in a legal holding pattern, when doing so would be detrimental to the children's interests." *State ex rel. Human Servs. Dep't v. Dennis S.*, 1989-NMCA-032, ¶ 7, 108 N.M. 486, 775 P.2d 252.

**{9}** Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{10} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**