This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39354

**STATE OF NEW MEXICO ex rel., CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**PATRICIA Y.,**

Respondent-Appellant,

and

**LORENSO Y.,**

Respondent,

**IN THE MATTER OF ALIZEA Y.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Jane Shuler Gray, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

JulieAnne Hufstedler Leonard, PC

JulieAnne Hufstedler Leonard
Capitan, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Respondent (Mother) appeals from the district court's order terminating her parental rights to Child. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition (MIO), which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Mother contends that the district court's findings that the Children, Youth, and Families Department (CYFD) made reasonable efforts to assist Mother were unsupported by clear and convincing evidence. Although Mother initially focused on CYFD's efforts in regard to her transportation and financial issues, Mother's memorandum in opposition contends instead that CYFD failed to provide her with adequate time to complete the mental health services necessary to ensure reunification because of her mental health issues and possible traumatic brain injury. [MIO 2, 13-14]

**{3}** Our notice of proposed disposition proposed to affirm, based on our proposal that overall, the evidence supported termination, as well as Mother's failure to develop her argument regarding the alleged inadequacy of CYFD's efforts. [CN 7-8] We also suggested that Mother's partial and early efforts to comply with her plan did not equate to meaningful improvement in alleviating the conditions that caused Child's neglect. [CN 7]

**{4}** Mother's argument regarding the alleged insufficiency of CYFD's efforts continues to focus on her belief that she reasonably complied with her treatment plan when it was first implemented. [MIO 10] We acknowledged in the calendar notice that it appeared that Mother had made early efforts at compliance. [CN 7] However, testimony was provided that Mother ultimately stopped participating with her treatment plan, including participating in counseling and drug screens and, additionally, actively prevented certain efforts from CYFD by making threats against her permanency planning worker (PPW) and refusing the PPW from regular home visits. [CN 5] Moreover, we note that even Mother's early attempts at compliance with her treatment plan were incomplete; Mother, for example, took approximately nine months to complete her initial assessment with her social worker. [CN 5-6] In light of the foregoing, we are unpersuaded by Mother's general contention that CYFD's efforts were unreasonable because it should have requested a psychological evaluation or provided psychiatric services sooner. *See State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 229, 47 P.3d 859 (stating that the reasonableness of CYFD's efforts may vary with regard to the parent's level of cooperation).

**{5}**     We also remain unpersuaded that Mother's partial compliance with her plan necessarily demonstrates that Mother made progress in alleviating the conditions that caused Child's neglect or necessitated additional efforts from CYFD. "The Abuse and Neglect Act requires the treatment plan to be reasonable, not a guarantee of family reunification. Even with compliance, it may not achieve its goal." *State ex rel. Children, Youth & Families Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978. "Even with a parent's reasonable efforts . . . , the parent may not be able to make the changes necessary to rectify the causes and conditions of the neglect and abuse so as to enable the court to conclude that the parent is able to properly care for the child." *Id.* "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *Patricia H.*, 2002-NMCA-061, ¶ 27. "When balancing the interests of parents and children, the court is not required to place the children indefinitely in a legal holding pattern, when doing so would be detrimental to the children's interests." *State ex rel. Human Servs. Dep't v. Dennis S.*, 1989-NMCA-032, ¶ 7, 108 N.M. 486, 775 P.2d 252.

**{6}**     Lastly, we note that Mother requests that we reassign this case to the general calendar, to allow for review of the complete audio recording and briefing in this case. [MIO 14] We reject Mother's request. Mother has not otherwise asserted any facts, law, or argument in her memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons discussed above and in our notice of proposed disposition, we affirm the order of the district court.

**{7}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**