This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39877

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**BRIGETTE P.,**

      Respondent-Appellant

and

**SIRRON J. and JERRY P., JR.,**

      Respondents,

**IN THE MATTER OF JERRY P., III
and KAY'LIAH P.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Jared G. Kallunki, District Judge**

Children, Youth and Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

JulieAnne Hufstedler Leonard, PC
JulieAnne Hufstedler Leonard
Capitan, NM

Guardian Ad Litem

# MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Respondent (Mother) appeals the termination of her parental rights to Child. We entered a notice of proposed disposition, proposing to affirm. Mother filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Mother contends that insufficient evidence supported the termination. [MIO 13] Our notice of proposed disposition proposed to affirm, based on our suggestions that overall, the Children, Youth, and Families Department (CYFD) had made reasonable efforts, Mother had not developed her argument or identified any particular shortcomings by CYFD, Mother's partial compliance did not equate to completing her treatment plan, and Mother's assertions that she was now doing better and recognizing she should have worked her treatment plan did not demonstrate that the district court erred in terminating her parental rights. [CN 6-7]

**{3}** In her memorandum in opposition, Mother expands her general assertion that insufficient evidence supported the termination by contending that given Mother's efforts to work the treatment plan, termination of her rights was "too drastic" a remedy and requires reversal. [MIO 10] She asserts that she was "prevented from continuing her treatment by pandemic closures and should have been given more time to work her treatment plan fully[,]" in light of her lack of access to technology for virtual resources. [MIO 13] Mother argues that she had just completed an inpatient program prior to the beginning of pandemic closures, was "turning things around[,]" and "was prevented from continuing to address her treatment due to pandemic closures." [MIO 13]

**{4}** We first note that again, Mother does not further develop this argument about pandemic closures or identify when or how she was impacted to the extent that she could not comply with her treatment plan. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Nor does she cite any authority regarding her assertion that termination was "too drastic" a remedy and that after two and a half years she should have been given additional time to work her treatment plan. *See Curry v. Great Nw Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *State ex rel. Hum. Servs. Dep't v. Dennis S.*, 1989-NMCA-032, ¶ 7, 108 N.M. 486, 775 P.2d 252 ("When balancing the interests of parents and children, the court is not required to place the children indefinitely in a legal holding pattern, when doing so would be detrimental to the children's interests.").

**{5}**     Further, as discussed above, CYFD provided various services to Mother, which the district court determined were reasonable. [4 RP 909] *See State ex rel. Child., Youth & Fams. Dep't v. Cosme V.*, 2009-NMCA-094, ¶ 19, 146 N.M. 809, 215 P.3d 747 ("We indulge all reasonable inferences in support of the district court's decision and disregard all inferences or evidence to the contrary." (alterations, internal quotation marks, and citation omitted)). We also note that Mother does not identify in the memorandum in opposition how she raised the pandemic closures argument to the district court or what the district court's ruling was regarding her assertions. *See Crutchfield v. N.M. Dep't Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."); *In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation). We also note that the initial abuse and neglect petition was filed in June 2018 and the termination hearing was held in January 2021. [1 RP 1, 4 RP 908] Mother therefore had at least a year and a half before any pandemic closures impacted her ability to work her treatment plan.

**{6}**     Our calendar notice suggested that Mother's sporadic compliance during the duration of her treatment plan did not demonstrate that the district court had erred in terminating her parental rights, and we are unpersuaded that Mother has demonstrated that the calendar notice was in error. [CN 4-5, 7] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{7}**     Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{8}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**