This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40536**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**JASMINE T.,**

       Respondent-Appellant,

and

**GERALDO G.,**

       Respondent,

**IN THE MATTER OF ISAIAH G.,
OLIVIA G., and NOAH T.,**

       Children.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons

Albuquerque, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**     Respondent-Appellant (Mother) appeals from the district court's judgment terminating her parental rights to Children. This Court issued a notice of proposed summary disposition, proposing to affirm. After filing her first memorandum in opposition, and pursuant to the orders of extension granted by this Court, Mother filed an amended memorandum in opposition to the proposed summary disposition, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

**{2}**     Our notice proposed to affirm based on our suggestions that the Children, Youth, and Families Department (CYFD) made reasonable efforts in making appropriate referrals consistent with the seriousness of Mother's substance abuse issue [CN 7]; and Mother did not develop or identify any other particular manner in which CYFD's efforts were unreasonable [CN 8-9]. We proposed to conclude therefore, that the district court did not err in terminating Mother's parental rights. [CN 9]

**{3}**     In her amended memorandum in opposition, Mother continues to generally contend that CYFD did not demonstrate by clear and convincing evidence that the causes and conditions of neglect were not likely to change in the foreseeable future, and that CYFD had not made reasonable efforts to assist Mother. [Am. MIO 8, 10] Mother also makes a handful of new, specific assertions. Mother now contends that the fact that CYFD moved to terminate her parental rights after only ten months "shift[ed] the burden to Mother to find her own resources," and did not constitute reasonable efforts. [Am. MIO 15] Mother argues, based on her own testimony, that she was unable to contact her caseworker and was "left on her own to access care." [Am. MIO 16] However, Mother does not identify how, apart from her own testimony and the date of the filing of the motion to terminate, the record supports this contention, and we reiterate that the district court found that Mother's testimony was generally contradictory and not credible. [3 RP 753; CN 6] *See N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 23, 336 P.3d 436 ("It is the sole responsibility of the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies, and we, as the reviewing court, do not weigh the credibility of live witnesses." (alteration, internal quotation marks, and citation omitted)).

**{4}** Mother also contends in her amended memorandum in opposition that the district court erred in determining that Mother was unlikely to recover from her substance abuse issues and in overlooking Mother's explanation that, due to her recent placement at a rehabilitation facility at the time of the termination hearing, she was unable to provide negative drug tests due to her isolation, but that she must have not been using any drugs at that time, as she had not been dismissed from the facility. [Am. MIO 18-19] We see no basis for concluding that the district court erred. Importantly, by the time of the permanency hearing, Mother had already had several unsuccessful attempts at recovery, and Mother has not demonstrated that the district court erred in considering the time that had already elapsed during which she was not making progress on her case plan. Despite Mother's focus on her recent progress at the time of the termination hearing, she acknowledged to the district court that she had done more in the month prior to the last day of the termination hearing "than she had in the prior three years that the case has been pending." [3 RP 743]

**{5}** We therefore are not persuaded that Mother has demonstrated failure by CYFD or error by the district court. *See State ex rel. Human Servs. Dep't v. Dennis S.*, 1989-NMCA-032, ¶ 7, 108 N.M. 486, 775 P.2d 252 ("When balancing the interests of parents and children, the court is not required to place the children indefinitely in a legal holding pattern, when doing so would be detrimental to the children's interests."). We remind Mother that

> [t]he Abuse and Neglect Act requires the treatment plan to be reasonable, not a guarantee of family reunification and even with a parent's reasonable efforts, . . . the parent may not be able to make the changes necessary to rectify the causes and conditions of the neglect and abuse so as to enable the court to conclude that the parent is able to properly care for the child.

*State ex rel. Child., Youth & Fams. Dep't v. Athena H*., 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978 (internal quotation marks omitted).

**{6}** In general, the arguments contained in Mother's amended memorandum in opposition do not persuade us that this Court's proposed summary disposition was in error. Therefore, we affirm for the reasons stated in our notice of proposed disposition and herein. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{7}** To the extent that Mother dedicates a portion of her amended memorandum in opposition to continuing to challenge this Court's calendaring process [Am. MIO 1-3], we note that our case law is clear that, "[i]t is the duty of the appellant to provide a record adequate to review the issues on appeal." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791. In addition, to the extent that Mother generally argues that, in CYFD cases, district courts may wrongly

weigh placement between a parent and state custody [Am. MIO 11-14], we note that Mother has not demonstrated—nor even truly asserts—that the district court in the present case applied an erroneous legal standard in this abuse and neglect proceeding, and we are unpersuaded she has demonstrated any error by the district court.

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Mother's parental rights.

**{9}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**