This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41615

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**VICTORIA E.,**

       Respondent-Appellant,

and

**ANTHONY G.,**

       Respondent.

**IN THE MATTER OF N.G., J.G., and Z.G.,**

       Children.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Allen R. Smith, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeny, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Law Office of Shasta N. Inman, LLC
Shasta N. Inman
Albuquerque, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Appellant Victoria E. (Mother) appeals from the district court's termination of her parental rights as to N.G., J.G., and Z.G. (Children). We issued a calendar notice proposing to affirm. Mother has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Our notice proposed to affirm based on our suggestion that there was sufficient evidence to support the district court's termination of Mother's parental rights, particularly as to whether the Children, Youth and Families Department (CYFD) made reasonable efforts to assist Mother in adjusting the conditions that rendered her unable to properly care for Children. [CN 5] In her memorandum in opposition, Mother continues to assert that CYFD failed to establish by clear and convincing evidence that termination of Mother's parental rights was warranted, but now suggests the evidence does not support a conclusion that the conditions and causes of neglect are unlikely to change in the foreseeable future.[1] [MIO 10-11]

**{3}**     Termination of parental rights is appropriate when

> the child has been a neglected or abused child as defined in the Abuse and Neglect Act and the court finds that the conditions and causes of the neglect and abuse are unlikely to change in the foreseeable future despite reasonable efforts by the department or other appropriate agency to assist the parent in adjusting the conditions that render the parent unable to properly care for the child.

NMSA 1978, § 32A-4-28(B)(2) (2005, amended 2022). "This Court will uphold the termination if, viewing the evidence in the light most favorable to the judgment, a fact finder could properly determine that the clear and convincing standard was met." *State ex rel. Child., Youth & Fams. Dep't v. Tammy S.*, 1999-NMCA-009, ¶ 13, 126 N.M. 664,

---

[1]We note that Mother has abandoned the ineffective assistance of counsel issue presented in the docketing statement. [MIO 10] *See Taylor v. Van Winkle's IGA Farmer's Mkt*., 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

974 P.2d 158 ("It is [CYFD's] burden to prove the statutory grounds for termination by clear and convincing evidence.").

{4}     The district court required that, as part of her case plan in this case, Mother maintain a "safe and stable home that is drug free and hazard free," in part, by addressing her problems with substance abuse. [MIO 5; 1 RP 154] Mother struggled with substance abuse issues throughout this case, with CYFD expressing concerns regarding Mother's sobriety as early as March 2021, and Mother relapsing on methamphetamine shortly thereafter. [MIO 7-8] Approximately a year later in May 2022, the district court took note of Mother's continued struggles with substance abuse issues and in November 2022, stated that Mother's struggles with substance abuse were negatively affecting her ability to work her case plan and make progress toward reunification. [MIO 9; 4 RP 865] Following the termination hearings in July and September 2023, the district court determined that the conditions and causes of the neglect for which Children came into CYFD custody were unlikely to change in the foreseeable future. [5 RP 1059] During the approximately four years that Children were in CYFD custody, Mother made "minimal progress, if any" with regard to her substance abuse and "demonstrated a continued lack of sobriety, as well as a lack of housing for [C]hildren." [5 RP 1061; MIO 9] Moreover, although Mother did complete a housing application just prior to the termination of her parental rights, the waitlists for housing rendered the district court unable to conclude that appropriate housing would be available any time in the near future. [5 RP 1044, 1061]

{5}     Despite her inability to provide Children with a stable and drug-free home due to her ongoing addiction to illicit substances, Mother asserts that, "given her long history of substance abuse, occasional relapses should not be grounds for terminating her parental rights," and she asks for "another year to focus on healing her prior addiction to illicit substances." [MIO 11] Mother states that she believes she would be successful in addressing substance abuse under the treatment plan if given the opportunity to "continue working with inpatient programs, followed by intensive outpatient services." [MIO 12] We note, however, that "the [district] court is not required to place [C]hildren indefinitely in a legal holding pattern, when doing so would be detrimental to [C]hildren's best interests," and the district court determined that it is in Children's best interests to terminate Mother's parental rights. [5 RP 1063-64] *See State ex rel. Human Servs. Dep't v. Dennis S.*, 1989-NMCA-032, ¶ 7, 108 N.M. 486, 775 P.2d 252; *see also State ex rel. Child., Youth & Fams. Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266 ("Because it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely."). Furthermore, "[p]arents do not have an unlimited time to rehabilitate and reunite with their children." *State ex rel. Child., Youth & Fams. Dep't v. Browind C.*, 2007-NMCA-023, ¶ 40, 141 N.M. 166, 152 P.3d 153 (internal quotation marks and citation omitted)).

{6}     Accordingly, we conclude that the evidence in this case is sufficient to support the district court's conclusion that Mother continuously failed to address the conditions and causes that brought Children into custody and that there was no indication Mother would change her circumstances in the foreseeable future. [5 RP 1061] *See State ex*

*rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶ 53, 421 P.3d 814 (concluding substantial evidence supported the district court's findings that the causes of neglect and abuse were unlikely to change in the foreseeable future where the parent failed to perform the requirements of a treatment plan for two years). For the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}    IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**