**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2009-NMCA-032

Filing Date: February 16, 2009

Docket No.  28,852

STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

      Petitioner-Appellee,

v.

JOHNNY S., SR.,

      Respondent-Appellant,

and

In the Matter of JEREMIAH S.,
JONATHAN S., and JAYDEN S.,

Children.


APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY
Donald Schutte, District Judge

Children, Youth & Families Department
Simon Romo, Chief Children's Court Attorney
Rebecca J. Liggett, Children's Court Attorney
Santa Fe, NM

for Appellee

Alex Chisholm
Albuquerque, NM

for Appellant

Albert J. Mitchell

1

Tucumcari, NM

Guardian Ad Litem

**OPINION**

**BUSTAMANTE, Judge.**

**{1}**     Johnny S. (Father) appeals from the judgment of the district court terminating his parental rights to his three children, Jonathan S., Jeremiah S., and Jayden S. (collectively "Children"). Father's rights were terminated based on findings of both abuse/neglect and presumptive abandonment pursuant to NMSA 1978, Sections 32A-4-28(B)(2) and 32A-4-28(B)(3) (2005), respectively. Father does not challenge any of the district court's findings of abuse and neglect or presumptive abandonment. In fact, Father concedes that the record supports a finding of presumptive abandonment under Section 32A-4-28(B)(3) by clear and convincing evidence.

**{2}**     Father argues instead that his parental rights were improperly terminated because the New Mexico Children, Youth & Families Department (CYFD) failed to adequately accommodate his mental impairments, as required by 42 U.S.C. § 12132 (1990) of the Americans with Disabilities Act (ADA). The difficulty for Father is that he failed to preserve the issue in the district court. We affirm on the basis of lack of preservation. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987). We sense, however, some lingering misapprehension as to the proper method of preserving ADA issues. As a consequence, we opt to clarify preservation requirements in these cases.

**{3}**     Father asserts that he falls within the protection of the ADA which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Father argues that he is a "qualified individual with a disability" based on two psychological evaluations performed by Dr. Christopher J. Alexander.

**{4}**     Dr. Alexander's evaluations reveal serious deficits in Father's mental health, including chronic depression, anxiety, and cognitive disorders. In February 2007, Dr. Alexander opined that "it is doubtful" that Father would be able to care for the children "in the near-term, even if he were to go back on psychiatric medication and comply with the full parameters of his *Treatment Plan*." Dr. Alexander's January 2006 evaluation reflected a quite guarded view of Father's ability to take care of himself much less the Children.

**{5}**     Despite these reports, the record reveals no request by Father's counsel[1] for an evaluation of the applicability of the ADA to Father. While Father did request findings of

_____

[1]Appellate counsel did not represent Father in the district court.

2

fact regarding his psychological problems, he failed to ask for any specific finding or conclusion of law that Father was a qualified individual with a disability within the meaning and protection of the ADA.

**{6}** Acknowledging that he did not adequately develop the potential applicability of the ADA below, Father asserts that the district court had an independent obligation to ensure that the issue was properly explored by Father's counsel and CYFD. Father asserts that this obligation is a natural extension of our language in *State ex rel. Children, Youth & Families Department v. John D.*, 1997-NMCA-019, ¶ 21, 123 N.M. 114, 934 P.2d 308, noting that "a lower court must determine whether the eligibility requirements are necessary and, if so, must conduct an individualized inquiry into whether reasonable modifications can be made in the case." Father also asserted at oral argument that placing the onus on the district court to at least raise the issue is reasonable given the fundamental nature of the familial interests at stake.

**{7}** We decline to place on district judges the obligation to initiate inquiry into the applicability of the ADA in particular cases. District judges are simply not in a good position to recognize the potential application of the ADA, in particular in the early stages of termination proceedings when the inquiry would be best raised. Counsel, who should be most aware of their clients' situation, are best equipped to determine whether the ADA might apply and whether it would be of value to pursue it.

**{8}** To preserve issues concerning violations of the ADA, the parent bears the initial burden of asserting that the parent is a qualified individual with a disability under 42 U.S.C. Section 12131(2). Thereafter, the parent must create a factual and legal record sufficient to allow meaningful appellate review of the district court decision on the issue. What constitutes a sufficient record is, of course, different for each case. At a minimum, however, there must be a request for relief citing the ADA backed by facts developed in the record.

**{9}** Determining what accommodation may be reasonable once the ADA is found to apply will call for a more collaborative effort between the parents, CYFD, and the district court. But the initial burden to raise and argue the issues—as early in the case as possible—lies with the parents and their counsel.

**{10}** Given the shortcomings of the record before us, we cannot undertake any analysis of the factual showing which might be required to demonstrate eligibility for ADA protection. Neither can we provide any further insight as to whether the ADA applies to termination of parental rights under Section 32A-4-28(B)(3) (presumptive abandonment). *See John D.*, 1997-NMCA-019, ¶ 19. We write solely to emphasize that respondents in termination of parental rights cases have the burden of raising and proving application of the ADA to them.

**{11}** We affirm the district court's termination of Father's parental rights to Children.

3

{12}    **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**ROBERT E. ROBLES, Judge**


**Topic Index for *State of N.M. ex rel CYFD v. Johnny S., Sr.*, No. 28,852**

**AE**         **APPEAL AND ERROR**
AE-PA         Preservation of Issues for Appeal

**CD**         **CHILDREN**
CD-PS         Psychological Evaluation
CD-TR         Termination of Parental Rights

**CL**         **CRIMINAL LAW**
CL-CN         Child Abuse and Neglect

**CR**         **CIVIL RIGHTS**
CR-RP         Rights of Persons with Disabilities

**FL**         **FEDERAL LAW**
FL-AD         Americans with Disabilities Act