This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38068**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**JACQUELINE P.,**

      Respondent-Appellant,

and

**LOUISE S., JR.,**

      Respondent,

**IN THE MATTER OF JAYLIN R.S.
and JAYVLIN S.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY
Robert A. Aragon, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Adam H. Bell, P.C.
Adam Harrison Bell
Farmington, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**M. ZAMORA, Judge.**

**{1}** Jacqueline P. (Mother) appeals the district court's judgment terminating her parental rights in her children, Jaylin R.S. and Jayvlin S. (Children). Mother argues on appeal that (1) the Children, Youth and Families Department (the Department) failed to prove, beyond a reasonable doubt, that Mother neglected Children; (2) there were no active efforts to prevent the break-up of an Indian Family as required by the Indian Child Welfare Act, 25 U.S.C. § 1912(d) (2018); (3) the district court failed to make the requisite ICWA findings as required by 25 U.S.C. § 1912(f); and (4) pursuant to *State ex rel. Children, Youth & Families Department v. Alicia P.*, 1999-NMCA-098, 127 N.M. 664, 986 P.2d 460, the Department failed to reasonably accommodate Mother's disabilities. Because Mother failed to preserve her appellate issues, we affirm.

## BACKGROUND

**{2}** The termination of parental rights trial, which Mother did not attend, was held on January 30, 2018. The subsequent procedural history is atypical. The district court granted the Department's motion for termination of parental rights, vacated the order, and then again granted the motion. Then on June 1, 2018, the district court entered an order *denying* the Department's motion to terminate parental rights and subsequently filed its corresponding findings of fact and conclusions of law. Curiously, the word "Denied" is hand written above the judge's signature. Finally, the district court entered an order rescinding its June 1, 2018 order. This order did not reinstate any ruling, nor did it contain decretal language nor provisions directing the entry of judgment. On June 27, 2018, Mother filed a notice of appeal with both her signature and her attorney's signature. Because of the conflicting pleadings and uncertainty as to which document was the official final order, this Court issued a memorandum opinion dismissing Mother's appeal for lack of a final, appealable order.

**{3}** On November 15, 2018, the Department filed a motion that included a request to vacate the June 1, 2018 order denying the Department's motion for termination of parental rights as well as the corresponding findings of fact and conclusions of law. A

hearing on the motion, which Mother did attend, was held on January 29, 2019. As a result of that hearing the district court, finding no opposition to the Department's motion, vacated the order denying the termination of parental rights as wells as the findings of fact and conclusions of law entered; adopted the Departments findings of fact and conclusions of law; and entered judgment terminating Mother's parental rights in her Children. On February 6, 2019, the district court entered an order granting the Department's motion for termination of parental rights and its corresponding findings of facts and conclusions of law. Mother appeals from this order.

## DISCUSSION

**{4}** We begin with the requirements of the notice of appeal from a judgment or order for termination of parental rights. In December 2013, amendments were made to the Children's Court rules to clarify the duties of counsel to file a notice of appeal. *See* Rule 10-352 NMRA comm. cmt. Rule 10-352(B) states in pertinent part:

> (1) the notice of appeal shall be signed by *both* the appellant and the appellant's counsel, . . . unless counsel complies with the requirements of [s]ubparagraph (2)[.]

> (2) A notice of appeal shall not be filed without the appellant's signature unless counsel certifies that the appeal is not frivolous or certifies the following:

> > (a) the appellant contested the proceedings and expressed an intention to appeal the judgment[.]

(Emphasis added.) Mother's notice of appeal from the judgment filed on February 6, 2019, did not comply with the notice of appeal requirements. Instead, Mother's counsel relied on the notice of appeal filed on June 27, 2018, from the June 1, 2018 termination order as a justification for Mother's failure to sign the current notice of appeal. In light of Mother's schizophrenia, her non-appearance at the termination of parental rights trial, and the passage of about seven months from the first notice of appeal and the second notice of appeal, the conflicting termination of parental rights orders—granting, denying, and ultimately granting the Department's motion—we conclude that the reference to the first notice of appeal signed by Mother does not satisfy the requirements of Rule 10-352 for the second notice of appeal.

### Preservation of Appellate Issues

**{5}** For purposes of preservation, Mother submits that her first three respective issues were preserved by virtue of her attorney participating in the termination of parental rights trial. With respect to her fourth issue, Mother submits that by virtue of her eliciting testimony regarding her disability at the termination of parental rights trial, she has preserved this issue. A party's participation in a termination of parental rights trial or their attorney's participation in the termination of parental rights trial are not the sort of

basis for preservation that Mother can rely upon. "To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked." Rule 12-321(A) NMRA. Preservation serves three primary purposes. *State v. Bell*, 2015-NMCA-028, ¶ 2, 345 P.3d 342. First, preservation allows the trial court an opportunity to cure claimed errors. *Id.* Second, it allows "the opposing party a fair opportunity to respond to the claim of error and to show why the [trial] court should rule against that claim[.]" *Id.* (alteration in original) (internal quotation marks and citation omitted). Third, it creates a record from which the appellate court may "make an informed decision." *Id.* The participation of Mother's attorney in the trial did not allow the district court an opportunity to address, much less cure (1) the district court's reliance on Mother's adjudication of neglect, beyond a reasonable doubt, in the termination proceedings; (2) that the Department did not make active efforts to assist Mother in addressing the causes and conditions that brought Children into the Department's custody; (3) the district court failed to make the requisite ICWA findings as required by 25 U.S.C. § 1912(f); and (4) the Department failed to reasonably accommodate Mother's disabilities. Consequently, the Department was denied a fair opportunity to respond to the claim of error and to show why the district court should rule against Mother's claims. All resulting in a deficient record from which this Court may make an informed decision.

{6} Assuming without deciding, as Mother argues, she could raise the question, for the first time on appeal, of whether the district court failed to make the requisite ICWA finding as required by 25 U.S.C. § 1912(f) "that the continued custody of the child by the parent . . . is likely to result in serious emotional or physical damage to the child[,]" we are not persuaded by Mother's argument. While the district court did not include this finding in its findings of fact, it did so in its February 2, 2019 termination of parental rights order:

> There is evidence beyond a reasonable doubt, including testimony of a qualified expert witness that continued care of . . . Children . . . by [Mother] is likely to result in serious emotional or physical damage to [C]hildren.

The district court complied with the ICWA and made the requisite finding set forth in 25 U.S.C. § 1912(f).

{7} With respect to her fourth issue, Mother also fails to provide a citation to the record where she established that she is an individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12131(2) (2018), as required. In *State ex rel. Children, Youth & Families Department v. Johnny S.*, 2009-NMCA-032, ¶ 8, 145 N.M. 754, 204 P.3d 769, this Court stated that "[t]o preserve issues concerning violations of the ADA, the parent bears the initial burden of asserting that the parent is a qualified individual with a disability under 42 U.S.C. Section 12131(2). . . . At a minimum, however, there must be a request for relief citing the ADA backed by facts developed in the record." This Court also pointed out that the parent should makes its assertion "as early in the case as possible[.]" *Johnny S.*, 2009-NMCA-032, ¶ 9; *see Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 ("The mere assertions and arguments of counsel are not evidence."); *see also* Rule 12-318(A)(3)

NMRA (requiring briefs in chief to contain "a summary of proceedings, briefly describing the nature of the case, the course of proceedings, and the disposition in the court below, and including a summary of the facts relevant to the issues presented for review[, which] summary *shall contain citations to the record proper, transcript of proceedings, or exhibits supporting each factual representation*" (emphasis added)). We therefore decline to address this issue.

**CONCLUSION**

**{8}** Based on the foregoing, we affirm the district court's order terminating of Mother's parental rights in her Children.

**{9}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**