This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39125**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**LETICIA Q.,**

      Respondent-Appellant,

**IN THE MATTER OF ALEXIS Q.,**

      Child.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Allen R. Smith, District Judge**

Children, Youth and Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Esteli C. Juarez
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Respondent Leticia Q. (Mother) appeals from the termination of her parental rights. We issued a notice of proposed summary disposition, proposing to affirm. Mother has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Because we previously set forth the relevant background information and principles of law, we will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

**{3}** Mother devotes the majority of her argument to the contention that the Department failed to provide "reasonable accommodations" under the Americans with Disabilities Act (ADA). [MIO 14-20] She acknowledges that arguments of this nature must be preserved. [MIO 16] *See State ex rel. Children, Youth & Families Dep't v. Johnny S., Sr.*, 2009-NMCA-032, ¶¶ 7-9, 145 N.M. 754, 204 P.3d 769 (holding that in a proceeding under the Child Abuse and Neglect Act, the parent bears the initial burden of asserting that he or she is a qualified individual with a disability pursuant to the ADA, and the parent must create a factual and legal record sufficient to allow meaningful appellate review: at a minimum "there must be a request for relief citing the ADA backed by facts developed in the record"). However, neither the docketing statement nor the memorandum in opposition reflect that Mother raised this argument below. *See* Rule 12-208(D)(4) NMRA (providing that the docketing statement must provide a statement of the issues presented by the appeal, including a statement of how they arose and how they were preserved in the trial court); *State v. Rael*, 1983-NMCA-081, ¶¶ 10, 15, 100 N.M. 193, 668 P.2d 309 (explaining that "the rules applicable to docketing statements apply with equal, if not greater, force to requests to amend docketing statements," and reiterating that preservation must be shown if an appellant seeks to add any issue to those previously set forth in the docketing statement). Under the circumstances, we decline to consider the argument further. *See, e.g.*, *Johnny S., Sr.*, 2009-NMCA-032, ¶ 2 (similarly rejecting an ADA challenge, in the context of an appeal from termination of parental rights, where the argument was not preserved).

**{4}** Mother also continues to argue that the Department failed to make reasonable efforts to assist her in adjusting the conditions that rendered her unable to properly care for Child. [MIO 20-22] However, as described at greater length in the notice of proposed summary disposition, [CN 3-4] over the course of a three-year period the Department made extensive efforts to assist Mother, [RP 917-37] well beyond that which is typically required. *See State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 26, 132 N.M. 299, 47 P.3d 859 (indicating that reasonable efforts typically entail time-limited reunification services, within a fifteen-month period, which may include counseling, substance abuse treatment, mental health services, transportation, child care, and other therapeutic services). Although Mother contends that the Department should have provided additional mental and psychological evaluations, vocation rehabilitation, [MIO 22] and unspecified "specialized programs" to assist her, [MIO 15] we remain unpersuaded. The record before us reflects that Mother received two

neuropsychological evaluations, [RP 917, 919] and Mother fails to explain how these evaluations were inadequate. We further note that those evaluations led experts to the undisputed conclusion that Mother lacks the capacity to provide for Child's basic needs. [DS 5-6; MIO 12-13; RP 918-20] We are unaware of any authority to suggest that it was incumbent upon the Department to supply the extraordinary level of support which would have been required to effectively address Mother's parenting deficiencies. Under the circumstances, we do not hesitate to conclude that the Department's efforts were reasonable. *See State ex rel. Children, Youth & Families Dep't v. Athena H*. 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978 ("The Abuse and Neglect Act requires the treatment plan to be reasonable, not a guarantee of family reunification."); *Patricia H.*, 2002-NMCA-061, ¶¶ 23, 28 (explaining that "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law"); *In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 32, 120 N.M. 463, 902 P.2d 1066 (stating that "[w]hen the [department] has made reasonable efforts to assist a parent, further efforts are not required"). We therefore reject the assertion of error.

**{5}** Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**