This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38756

**THE ESTATE OF SARAH WORKS,**

Plaintiff-Appellant,

v.

**GREGG VANCE FALLICK and FALLICKLAW, LTD.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Court Judge**

Trent A. Howell
Santa Fe, NM

for Appellant

Dixon•Scholl•Carrillo•P.A.
Gerald G. Dixon
James C. Wilkey
Albuquerque, NM

for Appellees

FallickLaw, Ltd.
Gregg Vance Fallick
Taos, NM

for Appellee FallickLaw, Ltd.

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff, the Estate of Sarah Works,[1] challenges the district court's dismissal of Plaintiff's claims and its entry of judgment in favor of Gregg Vance Fallick and FallickLaw, Ltd. (collectively, Defendants) on their attorney charging lien. The district court disposed of the case in this manner on two independent bases: discovery sanctions and the merits of the parties' respective claims. We affirm on the basis of the discovery sanctions, and we therefore do not reach Plaintiff's claims of error regarding the merits.

## DISCUSSION

**{2}** Plaintiff contends that the district court abused its discretion by awarding discovery sanctions to Defendants. Plaintiff also argues that the discovery sanctions violated Plaintiff's right to reasonable accommodations under 42 U.S.C § 12132, the Americans with Disabilities Act (ADA). As we will explain, we are not persuaded that the district court abused its discretion, and we conclude that Plaintiff did not preserve her ADA argument.

## I.      Discovery Sanctions

**{3}** We review the imposition of discovery sanctions for abuse of discretion. *Reed v. Furr's Supermarkets, Inc.*, 2000-NMCA-091, ¶ 10, 129 N.M. 639, 11 P.3d 603. When reviewing whether there has been an abuse of discretion, "we consider the full record to determine whether the trial court's decision is without logic or reason, or clearly unable to be defended." *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 20, 126 N.M. 196, 967 P.2d 1136. Because "we must be mindful of the nature of the conduct and level of culpability found by the trial court" and "the trial court's decision must be based on its conclusions about a party's conduct and intent, implicit in the standard of review is the question of whether the court's findings and decision are supported by substantial evidence." *Id.*

**{4}** Plaintiff argues that a finding made by the district court in support of its sanctions ruling is not supported by substantial evidence and that even if there is substantial evidence, less severe sanctions were warranted. We address each argument in turn.

**{5}** Plaintiff's substantial evidence argument focuses on the district court's statement that Plaintiff "fail[ed] to comply with any discovery request for *two years*." (Emphasis added.) Plaintiff contends that this depiction of the discovery violations is not supported by substantial evidence because the actual period of time was less than one year. Even if we assume that Plaintiff is correct that the district court miscalculated the duration of the discovery violations, there is substantial evidence that during the two years that the case was pending, Plaintiff did not comply with the discovery rules.[2]

---

[1]Plaintiff Sarah Works passed away while this appeal was pending. The appeal was stayed for several months, and the Estate of Sarah Works was substituted as Appellant. We therefore refer to the Estate of Sarah Works as Plaintiff.

[2]Plaintiff argues that the period during which it was "effectively grant[ed] a stay" from March 2019 to August 2019 should not have been considered by the district court in its calculations of the length of the

**{6}** Discovery began in early 2018. At the scheduling conference on January 12, 2018, Plaintiff was given an expert disclosure deadline of September 17, 2018. Defendants filed their first full set of discovery requests in February 2018. Eventually, after both parties filed motions, the district court entered two orders compelling discovery. The first, entered on July 19, 2018 in response to a defense motion to compel, outlined over seventy specific pieces of discovery that Plaintiff was required to produce. The second, entered on October 9, 2018, enumerated fifteen requests for admission that Plaintiff was required to answer. In November 2018, Defendants filed motions for summary judgment on Plaintiff's claims and Defendants' attorney lien and on April 4, 2019, Defendants filed a motion for sanctions to remedy Plaintiff's discovery violations. After a hearing on September 4, 2019, the district court granted Defendants' motion for discovery sanctions, which resulted in the dismissal of Plaintiff's claims and entry of judgment in favor of Defendants on their attorney charging lien.

**{7}** Of the ninety-two pieces of discovery ordered to be turned over on July 19, 2018, and October 9, 2018, Plaintiff failed to produce even one. Despite having an expert disclosure deadline of September 2018, Plaintiff never disclosed an expert to support its claims. Throughout pretrial proceedings, Plaintiff filed various motions for enlargement of time to respond to discovery and ultimately—nearly eighteen months after the initiation of Plaintiff's claims—a motion to stay the proceedings for at least six months. While Plaintiff stresses an inability to comply with discovery orders because of Works' health conditions, the district court found that the bulk of documents at issue were in the "possession, custody, and control" of Plaintiff's counsel, including over 500 emails and the settlement agreement that was at the heart of Plaintiff's claim and the attorney charging lien sought by Defendants. Reviewing the record as a whole, we conclude that substantial evidence supports the district court's finding of a longstanding pattern of discovery violations.

**{8}** We now turn to Plaintiff's argument that the sanctions imposed are too harsh. We are not persuaded that the district court abused its discretion by selecting dismissal of Plaintiff's claims and entry of judgment in favor of Defendants as a sanction appropriate for the circumstances here. *See Gonzales v. Surgidev Corp.*, 1995-NMSC-047, ¶ 33, 120 N.M. 151, 899 P.2d 594 (recognizing that the degree of sanction is discretionary).

**{9}** Although the entry of judgment against a party "is a severe sanction, . . . the district court is justified in imposing the sanction and does not abuse its discretion when a party demonstrates flagrant bad faith and callous disregard for its discovery responsibilities. Furthermore, despite the severity of dismissal as a sanction, the district court is not required to impose lesser sanctions before it imposes the sanction of dismissal." *Reed*, 2000-NMCA-091, ¶ 10 (alteration, internal quotation marks, and citations omitted); *see United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 397, 96 N.M. 155, 629 P.2d 231 (requiring "willful, bad faith" conduct in order to impose entry of judgment against disobedient party). Instead, when determining the degree of sanctions to impose, the district court balances "the nature of the offense, the potential

discovery violations. We disagree. The district court did not stay discovery at the March hearing; instead, Plaintiff was granted a continuance of trial, which was reset for the August docket.

prejudice to the parties, the effectiveness of the sanction, and the imperative that the integrity of the court's orders and the judicial process must be protected." *Enriquez*, 1998-NMCA-157, ¶ 48.

**{10}** With respect to the nature of a party's conduct, the proper inquiry is whether "the failure to comply is due to the willfulness, bad faith or fault of the disobedient party." *Gonzales*, 1995-NMSC-047, ¶ 31 (text only). "The test for willfulness is a conscious or intentional failure to comply"; wrongful intent is not necessary. *Id.* (internal quotation marks and citation omitted). Here, although the district court did not use the words willfulness or conscious or intentional failure, we believe that a finding of conscious disregard is implicit in the district court's order. Specifically, the district court found that Plaintiff "failed to comply with the [c]ourt's [o]rders compelling [Plaintiff] to answer and respond to ninety-two categories of critical discovery . . . despite repeated demands by defense counsel," "Plaintiff [had] not produced any discovery in response" to the orders, and "Plaintiff [did] not dispute and, in fact, concede[d its] failure to comply." Additionally, "the bulk of the documents the [c]ourt ordered production of . . . were in Plaintiff's counsel's possession, custody, and control . . . and were never turned over by Plaintiff's counsel." It follows that Plaintiff's actions were "not merely accidental or inadvertent," but instead "show[ed] a sustained and deliberate disobedience of the court orders concerning discovery." *Weiss v. THI of N.M. at Valle Norte, LLC*, 2013-NMCA-054, ¶ 19, 301 P.3d 875 (internal quotation marks and citations omitted).

**{11}** Plaintiff argues that lesser sanctions were warranted because the district court judge's predecessors in the case had not exacted such harsh sanctions.3 This, however, is not part of the calculus when determining the severity of sanctions. Instead, the district court was required to balance the factors outlined above when determining the degree of sanctions.4 The district court noted the nature of the offense, stating that as the party who brought the claim, Plaintiff "ha[d] an obligation to pursue [its] claims under Rule1-041(B) NMRA," which "includes compliance with the Rules of Civil Procedure that govern pre-trial discovery and the [o]rders entered by the [c]ourt." Further, the court found that the prejudice to Defendants "was clear from the pleadings in th[is] case." Weighing these factors, the court determined that discovery sanctions in the form of dismissal were appropriate.

**{12}** Deferring to the judgment of the district court as to the degree of sanctions, Plaintiff has not persuaded us that, under the circumstances presented here, the court

---

3To the extent that Plaintiff is arguing that a violation of due process occurred, we are satisfied that Plaintiff received notice and an opportunity to be heard on Defendants' motion, and Plaintiff offers no authority for the proposition that a district court must provide advance notice that the court might not continue to tolerate delay.

4We presume that the district court considered all of the factors, even though it did not explicitly address all of them in its order. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (noting that there is a presumption of correctness in the rulings of the trial court and the party claiming error bears the burden of showing error). Plaintiff does not cite anything in the record to suggest that the district court failed to consider the requisite factors. *Id.*

abused its discretion by dismissing Plaintiff's claims and entering judgment in favor of Defendants.

**II.      ADA**

**{13}**    Plaintiff contends that it was subject to unlawful discrimination under Title II of the ADA because Plaintiff was not provided with reasonable accommodations in the form of time modifications for discovery. As we will explain, because Plaintiff's ADA argument was not preserved, we do not reach the merits.

**{14}**    In *State ex rel. Children, Youth & Families Department v. Johnny S., Sr.*, this Court considered the issue of preservation of ADA claims in the context of termination of parental rights. 2009-NMCA-032, ¶ 2, 145 N.M. 754, 204 P.3d 769. Plaintiff has provided us with no sound basis for treating the preservation principles governing ADA claims differently in the context of discovery sanctions. We therefore apply *Johnny S., Sr.*, in which this Court held that "[t]o preserve issues concerning violations of the ADA, the [individual] bears the initial burden of asserting that [they are] a qualified individual with a disability under 42 U.S.C. Section 12131(2)." *Id.* ¶ 8. Once an individual has asserted that they have a qualifying disability under the ADA, "[they] must create a factual and legal record sufficient to allow meaningful appellate review of the district court decision on the issue." *Johnny S., Sr.*, 2009-NMCA-032, ¶ 8. While the level of factual development is case-specific, "[a]t a minimum, . . . there must be a request for relief citing the ADA backed by facts developed in the record." *Id.* In *Johnny S., Sr.*, this Court explicitly held that it was not the district court's duty to raise ADA issues. *Id.* ¶ 7 ("District judges are simply not in a good position to recognize the potential application of the ADA, in particular in the early stages of termination proceedings when the inquiry would be best raised."). Instead, the burden is on the plaintiff and their counsel to raise the ADA claim "as early in the case as possible." *Id.* ¶ 9. It is counsel, not the district court, "who should be most aware of their clients' situation." *Id.* ¶ 7.

**{15}**    Plaintiff argues that it "repeatedly made [Plaintiff's] cancer condition and need for accommodation matters of record by raising the issue in open court in hearings and court filings." Both counsel and the court were aware of Plaintiff's health problems throughout the pretrial proceedings; however, the first time the ADA was raised by Plaintiff was during the hearing on September 4, 2019—nearly two years after the initiation of Plaintiff's case, and Plaintiff did so in a perfunctory and conclusory manner. Plaintiff did not raise the ADA in any document filed in the district court before the court dismissed its claims. Instead, Plaintiff raised the ADA for the first time in writing in its motion to reconsider the dismissal. The burden was on counsel to timely explain why the facts, as known to counsel, amounted to a disability under the ADA and warranted an accommodation. Because Plaintiff failed to raise the ADA argument in a timely fashion and failed to adequately develop and support its legal and factual assertions regarding the applicability of the ADA and the protections it afforded, we conclude that the issue was not preserved. *See Johnny S., Sr.*, 2009-NMCA-032, ¶¶ 7-9.

**CONCLUSION**

**{16}** We affirm.

**{17}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**