This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42039**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**SAMANTHA R.,**

      Respondent-Appellant,

and

**FRANCISCO R., SR.,**

      Interested Party,

**IN THE MATTER OF
FRANCISCO R., JR., a Child.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Court Judge**

Children, Youth & Families Department
Amanda M. Romero, Chief Children's Court Attorney
Santa Fe, NM

for Appellee

Susan C. Baker
El Prado, NM
for Appellant
Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**     Respondent Samantha R. (Mother) appeals from the district court's termination of her parental rights as to Child. We issued a calendar notice proposing to affirm. Mother has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Our notice proposed to affirm based on our suggestion that there was sufficient evidence to support the district court's termination of Mother's parental rights. Specifically, we proposed to conclude that the Children, Youth and Families Department (CYFD) made reasonable efforts to assist Mother in adjusting the conditions that rendered her unable to properly care for Child [CN 4] and that the evidence was sufficient to support the district court's conclusion that the causes and conditions of neglect were unlikely to change in the foreseeable future [CN 7].

**{3}**     In her memorandum in opposition, Mother continues to assert the district court's order terminating her parental rights should be reversed because CYFD failed to prove by clear and convincing evidence that the reasons for filing this case were unlikely to improve in the foreseeable future. [MIO 11] Despite her struggles with medication management [MIO 11] and inability to parent for long periods of time due to a pattern of failing to follow through with her parental responsibilities [CN 6-7], Mother asserts that she "could have adequately parented Child" if she had been given "more specialized treatment and more time to engage in it" [MIO 11]. Mother points out that she previously had an in-house caretaker to ensure she remained on her medication, and states her belief that CYFD could have done more to help her. [MIO 11] We note, however, that "the [district] court is not required to place . . . [Child] in a legal holding pattern, when doing so would be detrimental to . . . [Child's] best interests," *See State ex rel. Hum. Servs. Dep't v. Dennis S.*, 1989-NMCA-032, ¶ 7, 108 N.M. 486, 775 P.2d 252, and the district court determined that it was in Child's best interests to terminate Mother's parental rights. [2 RP 278]. *See also State ex rel. Child., Youth & Fams. Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266 ("Because it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely."). Furthermore, "[p]arents do not have an unlimited time to rehabilitate and reunite with their children." *State ex rel. Child., Youth & Fams. Dep't v. Browind C.*, 2007-NMCA-023, ¶ 40, 141 N.M. 166, 152 P.3d 153 (internal quotation marks and citation omitted)).

**{4}**     Mother also asserts that CYFD did not provide reasonable efforts because it failed to provide "reasonable accommodations" in accordance with the Americans with Disabilities Act (ADA). [MIO 13] *See* 42 U.S.C. § 12132. In order to "preserve issues concerning violations of the ADA, the parent bears the initial burden of asserting that the parent is a qualified individual with a disability under [the ADA]." *State ex rel. Child.,*

*Youth & Fams. Dep't v. Johnny S., Sr.*, 2009-NMCA-032, ¶ 8, 145 N.M. 754, 204 P.3d 769; *see also id.* ¶ 9 (stating that the "burden to raise and argue the issues . . . lies with the parents and their counsel"). The parent must "create a factual and legal record sufficient to allow meaningful appellate review of the district court decision on the issue," including "a request for relief citing the ADA backed by facts developed in the record." *Id.* ¶ 8.

**{5}**     Neither the docketing statement nor the memorandum in opposition indicate Mother raised this argument in the district court. *See* Rule 12-208(D)(4) NMRA (providing that the docketing statement must provide "a statement of the issues presented by the appeal, including a statement of how they arose and how they were preserved in the trial court"); *State v. Rael*, 1983-NMCA-081, ¶¶ 10, 15, 100 N.M. 193, 668 P.2d 309 (reiterating that preservation must be shown if an appellant seeks to add any issue to those previously set forth in the docketing statement). Mother has also failed to provide a citation to the record indicating she established that she is an individual with a disability as defined by the ADA, as required. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Accordingly, Mother has not properly preserved her issue, and we cannot consider it on appeal. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)); *Johnny S., Sr.*, 2009-NMCA-032, ¶ 10 (affirming the termination of parental rights based on a parent's failure to preserve an ADA argument, and stating the parent's failure to preserve the argument created shortcomings in the record such that the appellate court could not "undertake any analysis of the factual showing which might be required to demonstrate eligibility for ADA protection"). As such, we remain unpersuaded that the district court erred in concluding CYFD's efforts in this case were reasonable. [CN 4]

**{6}**     We also note that Mother has abandoned her assertion in the docketing statement that the district court erred by failing to address the possibility of permanent guardianship. [CN 8] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement but not contested in a memorandum in opposition are abandoned).

**{7}**     For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8}**     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**