This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42460**

**JUSTINE LITTLE,**

Plaintiff-Appellee,

v.

**ERIC MURTO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**EMILIO CHAVEZ, District Court Judge**

Justine Little
Taos, NM

Pro Se Appellee

Eric Murto
Taos, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** Defendant appeals from the district court's entry of final judgment in favor of Plaintiff. Defendant asserts that the district court erred by failing to provide accommodations under the Americans with Disabilities Act (ADA), which prevented Defendant from properly presenting his case at trial. *See* 42 U.S.C. § 12132. This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition with attachments in support. Defendant additionally raises two new issues in his memorandum in opposition, which this Court considers as a motion to amend the docketing statement. Having considered Defendant's filing, we deny the motion to amend the docketing statement as nonviable, and affirm. *See State v. Moore*, 1989-

NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{2}    Defendant continues to maintain that the district court erred in failing to provide ADA accommodations. [MIO 1-3] In this Court's notice of proposed disposition, we noted that "[t]he record proper does not contain documents requesting ADA accommodations filed with the district court before entry of final judgment" and "does not contain a district court order discussing Defendant's request for ADA accommodations or a decision for us to review." [CN 2-3] Accordingly, we proposed to conclude that "Defendant's request was not preserved" because "it appears that Defendant did not raise a request for ADA accommodations with the district court." [CN 3] *See State ex rel. Child. Youth & Fams. Dep't v. Johnny S., Sr.*, 2009-NMCA-032, ¶¶ 7-9, 145 N.M. 754, 204 P.3d 769 (explaining what is required to preserve a claim of violations of the ADA).

{3}    In response, Defendant does not direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. Rather, Defendant now provides via attachment to his memorandum in opposition email correspondence between Defendant and the Eighth Judicial District Courthouse to support his claim, which we discussed in our calendar notice. [CN 3] As we previously stated in our calendar notice, these emails do not appear in the record proper for our review, and therefore we cannot consider them for the first time on appeal. *See Fed. Nat'l Mortg. Ass'n v. Rose Realty, Inc.*, 1968-NMSC-102, ¶ 3, 79 N.M. 281, 442 P.2d 593 (explaining that this Court will not consider references to materials that are not included in the record); *Trujillo v. Presbyterian Healthcare Servs., Inc.*, 2024-NMCA-004, ¶ 22, 539 P.3d 1216 ("We review the case litigated below, not the case that is fleshed out for the first time on appeal." (text only) (citation omitted)), *rev'd on other grounds*, 2025-NMSC-017, ¶ 26, 572 P.3d 935. As such, Defendant's argument ignores the opportunity Defendant was given to direct this Court to error in the record proper in our proposed resolution of this issue. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2012-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our previous analysis in our proposed summary disposition.

{4}    Defendant additionally raises two new issues in his docketing statement, asserting that the district court failed to provide official hearing records for his review that impaired his participation at the district court and erred by preventing Defendant from presenting evidence at trial. [MIO 1-3] First, similar to his argument for ADA accommodations, our review of the record shows that Defendant did not notify the district court that he had not received the official hearing records or that the district court

entered an order on this issue before the entry of final judgment. As a result, Defendant has failed to preserve this argument for our review. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)). And again, like with his ADA claim, Defendant attaches his request for the official hearing transcripts to his memorandum in opposition. But as we stated previously, we cannot consider materials outside of the record for the first time on appeal. *See Fed. Nat'l Mortg. Ass'n*, 1968-NMSC-102, ¶ 3; *Trujillo*, 2024-NMCA-004, ¶ 22.

{5}     Second, Defendant argues "[Plaintiff] was allowed to call a late witness, and as a result, I was not asked to continue presenting my evidence." [MIO 2] But it is unclear what error Defendant is attempting to raise on appeal. Defendant makes no assertion about what additional evidence he would have presented, nor does Defendant provide a citation to the record that he alerted the district court judge that he wished to present additional evidence. Rather, our review of the record shows that the district court admitted all of Defendant's exhibits [RP 44], Defendant was allowed to present his own witnesses in support [RP 44-45], Plaintiff called a rebuttal witness, not a late witness [RP 45], Defendant declined to cross examine the rebuttal witness [RP 46], and Defendant did not attempt to notify the district court that he had additional evidence that was not already admitted during the presentation of Defendant's case into the record. [RP 46] Accordingly, our review shows that the district court allowed Defendant to present all evidence Defendant requested to present at trial, and we decline to review this argument further. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10; *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Additionally, because we conclude that the district court did not err on our review, we decline to address Defendant's general assertion of cumulative error. [MIO 4]

{6}     For the foregoing reasons and for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**