This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42626**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**DIANA O.,**

       Respondent-Appellant,

and

**DEMETRIKE D.,**

       Respondent,

**IN THE MATTER OF GENESIS R., a Child.**

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
James M. Hudson, District Court Judge**

Amanda Romero, Chief Children's Court Attorney
Andrea D. Romero, Children's Court Attorney
Santa Fe, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

JulieAnne Hufstedler Leonard PC
JulieAnne Hufstedler Leonard

Roswell, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Appellant Diana O. (Mother) appeals the termination of her parental rights. We previously issued a notice of proposed summary disposition proposing to affirm. Mother has filed a memorandum in opposition including a motion to amend the docketing statement, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}**     Mother continues to challenge the sufficiency of the evidence to support the termination of her parental rights, arguing that the Children, Youth & Families Department (CYFD) failed to make reasonable efforts to assist her. *See State ex rel. Child., Youth & Fams. Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 23, 128 N.M. 701, 997 P.2d 833 ("A person's parental rights shall be terminated upon a showing that her children have been neglected, and the causes of the neglect are unlikely to change in the foreseeable future despite reasonable efforts by [CYFD] to assist the parent in adjusting the conditions that rendered her unable to properly care for [their] children."); *see* NMSA 1978, § 32A-4-28 (B)(2) (2022).

**{3}**     In her memorandum in opposition, Mother contends specifically that she suffers from severe mental health issues requiring management through psychiatric medication, and this constitutes a disability entitled to protection under 42 U.S.C. § 12132 of the Americans with Disabilities Act (ADA). [MIO 8, 10-12] Mother argues that the lack of specific ADA protections in her treatment plan demonstrates a lack of reasonable efforts by CYFD and renders the treatment plan inadequate on its face. [MIO 11] Because this particular argument was not made in the docketing statement, Mother raises it here pursuant to a motion to amend the docketing statement. [MIO 9] *See* Rule 12-210(D)(2) NMRA (stating that this Court "may, for good cause shown, permit the appellant to amend the docketing statement" and that "[t]he appellant may combine a motion to amend the docketing statement . . . with a memorandum in opposition").

**{4}**     In order to "preserve issues concerning violations of the ADA, the parent bears the initial burden of asserting that the parent is a qualified individual with a disability under [the ADA]." *State ex rel. Child., Youth & Fams. Dep't v. Johnny S.*, *Sr.*, 2009-NMCA-032, ¶ 8, 145 N.M. 754, 204 P.3d 769; *see also id.* ¶ 9 (stating that the "burden to raise and argue the issues . . . lies with the parents and their counsel"). The parent must "create a factual and legal record sufficient to allow meaningful appellate review of the district court decision on the issue," including "a request for relief citing the ADA backed by facts developed in the record." *Id.* ¶ 8.

**{5}** In this case, Mother has not demonstrated that the issue was preserved below. *See* Rule 12-208(D)(4) NMRA (providing that the docketing statement must provide "a statement of the issues presented by the appeal, including a statement of how they arose and how they were preserved in the trial court"); *State v. Rael*, 1983-NMCA-081, ¶¶ 10, 15, 100 N.M. 193, 668 P.2d 309 (reiterating that preservation must be shown if an appellant seeks to add any issue to those previously set forth in the docketing statement); *see also Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)). Accordingly, we must reject this assertion of error as nonviable and deny Mother's motion to amend the docketing statement. *See Johnny S., Sr.*, 2009-NMCA-032, ¶ 10 (affirming the termination of parental rights based on a parent's failure to preserve an ADA argument, and stating the parent's failure to preserve the argument created shortcomings in the record such that the appellate court could not "undertake any analysis of the factual showing which might be required to demonstrate eligibility for ADA protection"); *see also State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable).

**{6}** Mother also argues more generally that CYFD's efforts to assist her were insufficient because the treatment plan failed to include key components needed for a parent with a psychiatric disorder. Mother points to the treatment plan's lack of a case assistant or mental health nurse for medication monitoring or specialized classes in parenting with mental health challenges. [MIO 14] However, on appeal, "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 28, 132 N.M. 299, 47 P.3d 859.

**{7}** As outlined in the notice of proposed summary disposition, the court-ordered treatment plan contained provisions directed at assisting Mother with her mental health needs, including requirements that Mother complete a mental health assessment and participate in individual therapy and medication management. [1 RP 103-105] In line with these treatment plan goals, CYFD caseworkers made referrals for Mother for individual therapy, drug screenings, and parenting classes. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶ 41, 421 P.3d 814 ("Efforts to assist a parent may include individual, group, and family counseling, substance abuse treatment, mental health services, transportation, child care, and other therapeutic services." (internal quotation marks and citation omitted)); *see also In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 32, 120 N.M. 463, 902 P.2d 1066 (stating that when CYFD has made reasonable efforts, further efforts are not required); *Patricia H.*, 2002-NMCA-061, ¶ 28 (same).

**{8}** Accordingly, for the reasons stated in the notice of proposed summary disposition and herein, we remain unpersuaded that the district court erred in concluding that CYFD's efforts in this case were reasonable. We therefore affirm.

**{9}** IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JANE B. YOHALEM, Judge**